Matter of Maximov (2021 NY Slip Op 04605)





Matter of Maximov


2021 NY Slip Op 04605


Decided on August 4, 2021


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 4, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
COLLEEN D. DUFFY, JJ.


2020-01987

[*1]In the Matter of Maxim Maximov, an attorney and counselor-at-law. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Maxim Maximov, respondent. (Attorney Registration No. 4650909)



APPLICATION pursuant to 22 NYCRR 1240.10 by Maxim Maximov, who was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on May 6, 2009, to resign as an attorney and counselor-at-law. The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts commenced a disciplinary proceeding against the respondent pursuant to 22 NYCRR 1240.8 by serving upon him and filing with the Court a notice of petition dated March 15, 2021, and a verified petition dated March 12, 2021. Separate motion by the Grievance Committee seeking, inter alia, an order pursuant to 22 NYCRR 1240.9(a)(1) and (3) immediately suspending the respondent from the practice of law pending further order of the Court.



Diana Maxfield Kearse, Brooklyn, NY (Thomas Graham Amon of counsel), for petitioner.
Maxim Maximov, Brooklyn, NY, respondent pro se.



PER CURIAM.


OPINION & ORDER
The respondent, Maxim Maximov, has submitted an affidavit sworn to on May 16, 2021, in support of his application to resign as an attorney and counselor-at-law (see 22 NYCRR 1240.10).
The respondent acknowledges in his affidavit that he is the subject of an investigation by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, and that the allegations include at least the following acts of professional misconduct: sharing legal fees with a nonlegal organization, the Advocacy Foundation of New York. The respondent avers that he cannot successfully defend against these allegations.
The respondent also avers that his resignation is freely and voluntarily tendered, that he is not being subjected to coercion or duress by anyone, and that he is fully aware of the implications of submitting his resignation, including that the Court's acceptance and approval shall result in the entry of an order of disbarment striking his name from the roll of attorneys and counselors-at-law.
The respondent states that the Grievance Committee's investigation does not include any allegations that he willfully misappropriated or misapplied money or property in the practice of law.
The respondent acknowledges that his resignation is submitted subject to any future application that may be made by a Grievance Committee to any Department of the Appellate Division for an order, pursuant to Judiciary Law § 90(6-a), directing that he make restitution or [*2]reimburse the Lawyers' Fund for Client Protection, and he consents to the continuing jurisdiction of the Appellate Division to make such an order.
The respondent also acknowledges and agrees that pending the issuance of an order accepting his resignation, he will not undertake to represent any new clients or accept any retainers for future legal services to be rendered, and that there will be no transactional activity in any fiduciary account to which he has access, other than for payment of funds held therein on behalf of clients or others entitled to receive them.
Lastly, the respondent acknowledges that in the event the Court accepts his resignation, the order resulting therefrom and the records and documents filed in relation to the aforementioned charges and allegations, including his affidavit, shall be deemed public records pursuant to Judiciary Law § 90(10).
The Grievance Committee contends that the resignation fully complies with the requirements of 22 NYCRR 1240.10 and, therefore, recommends its acceptance.
Inasmuch as the respondent's application to resign complies with the requirements of 22 NYCRR 1240.10, the application is granted, and effective immediately, the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law. In view thereof, the Grievance Committee's motion seeking to immediately suspend the respondent from the practice of law is denied as academic, and, on the Court's own motion, the disciplinary proceeding commenced against the respondent is discontinued as academic.
LASALLE, P.J., MASTRO, RIVERA, DILLON and DUFFY, JJ., concur.
ORDERED that the application of the respondent, Maxim Maximov, to resign as an attorney and counselor-at-law is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Maxim Maximov, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Maxim Maximov, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Maxim Maximov, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Maxim Maximov, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f); and it is further,
ORDERED that the Grievance Committee's motion pursuant to 22 NYCRR 1240.9(a)(1) and (3) to immediately suspend the respondent, Maxim Maximov, from the practice of law pending further order of the Court is denied as academic, and, on the Court's own motion, the disciplinary proceeding commenced against him is discontinued as academic.
ENTER:
Aprilanne Agostino
Clerk of the Court